UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

THAI GLOBAL BEVERAGES INC.,
a Maryland corporation,

        Plaintiff,

vs.

GTO IMPORT EXPORT LLC,
a Florida limited liability company,

        Defendant.
_____/

## COMPLAINT

**NOW COMES** the Plaintiff, THAI GLOBAL BEVERAGES INC., a Maryland corporation (hereinafter "Plaintiff" or "THAI"), and by and through its undersigned counsel, files this Complaint against Defendant GTO IMPORT EXPORT LLC, a Florida limited liability company (hereinafter "Defendant" or "GTO") and alleges as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. This is an action against the Defendant for breach of contract, account stated, unjust enrichment, and the collection of amounts owed to Plaintiff for the sale of products. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees, and there is complete diversity between the parties.

2. At all times material hereto, Defendant was and is a company organized in the State of Florida and operates a business in the State of Florida and in the Southern District of Florida.

3. Venue is proper in the Southern District of Florida because the Defendant during all material times has operated its business in Broward County, Florida.

1

## PARTIES

4.  Plaintiff THAI GLOBAL BEVERAGES INC. is a Maryland corporation with its principal business office at 10343 Battleridge Place, Montgomery Village, Maryland 20886 and is engaged in the business of buying and selling specialty food and beverage products.

5.  Defendant GTO IMPORT EXPORT LLC is a company organized and existing under the laws of the State of Florida with its principal business address at 1560 Sawgrass Corporate Parkway, 4th Floor, Sunrise, Florida 33323.

## GENERAL ALLEGATIONS

6.  On or about May 20, 2022, Defendant inquired about purchasing certain beverage products from Plaintiff and pursuant to such request, Plaintiff sent to Defendant the FOB[1] price list (the "Price List") for the purchase of products, setting forth the cost and freight charges for the purchase of such products. Attached hereto as Exhibit "A" is a true and correct copy of the electronic correspondence that Plaintiff sent to Defendant with the Price List.

7.  The Price List indicated the terms of payment for the purchase of products, which provided that (a) one hundred percent the price of the products shall be paid when the products are loaded for shipment, and (b) freight charges to be paid 21 days after receipt of the products.

8.  From on or about July 2022, through on or about December 26, 2022, Defendant ordered, through multiple purchase orders, certain beverage products from Plaintiff totaling $235,278.22. Attached hereto as Composite Exhibit "B" are true and correct copies of the Purchase Orders issued by Defendant with respect thereto.

---

[1] FOB means "Free on Board" and it is a shipment term that defines the point in the supply chain when a buyer or seller becomes liable for the goods being transported. According to the Price List, the products are shipped "FOB Origin", which means that the buyer accepts title of goods at the shipment point and is responsible for all shipping charges and risks thereafter.

2

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 • Tel: 305.824.2400 • Fax: 305.468.6321

9. Pursuant to the terms agreed by the parties, Defendant paid one hundred percent of the price of the products prior to shipment, at which time the beverage products were shipped to Defendant and Defendant accepted the beverage products without complaint or objection.

10. Upon receipt of the beverage products by Defendant, Plaintiff subsequently issued the freight or "B Invoice" and/or "C Invoice" with respect thereto.

11. Defendant, however, has failed to pay the associated freight charges in connection with the beverage products shipped to Defendant as agreed by the parties.

12. Because of the relationship of the parties and as an accommodation to the Defendant, Plaintiff shipped certain additional beverage products without receiving full payment of the product price prior to shipment.

13. Defendant has taken possession of the beverage products sold by Plaintiff without objection or complaint and has resold many if not all of the beverage products for a gain.

14. Attached hereto as Composite Exhibit "C" is a true and correct listing of all of the invoices that were issued by Plaintiff to Defendant for beverage products ordered and associated freight charges, including the outstanding invoices that remain unpaid, together with true and correct copies of all of these pending invoices (the "Pending Invoices").

15. The Pending Invoices, which include amounts for the purchase price of beverage products and the associated freight charges, total the amount of $801,733.25, which remain unpaid.

16. Plaintiff has repeatedly requested Defendant to pay the Pending Invoices, but Defendant has failed and refused to make any further payments.

17. Plaintiff sought to mitigate its damages by requesting Defendant to return any unsold beverage products or to at least advise where and how Plaintiff could retrieve the unsold beverage products, but Defendant has failed and refused to comply with these simply requests.

18. This lawsuit involves the refusal and failure of Defendant, despite repeated requests for payment, to pay for the Pending Invoices for the products ordered and being sold by Defendant.

## COUNT I
## BREACH OF CONTRACT

19. Plaintiff refers to and incorporates, as though fully set forth in this Count I, Paragraphs 1 through 18 of this Complaint.

20. The correspondence, purchase orders and invoices exchanged between the parties constitute the contracts entered into by the parties pursuant to which Defendant agreed to pay for the beverage products purchased and associated freight charges.

21. Defendant has breached its agreement to pay for the beverage products that it ordered from Plaintiff by its failure and refusal to pay for the beverage products that were shipped and delivered to Defendant, which were accepted by Defendant without any complaint or protest.

22. Defendant received the benefit of the beverage products that it ordered from Plaintiff, but Defendant has failed and refused to pay for such products.

23. Plaintiff has been damaged by Defendant due to its refusal and failure to pay for the beverage products shipped and delivered to Defendant pursuant to Defendant's specific requests.

24. Plaintiff sought to mitigate its damages by requesting Defendant to return any unsold beverage products or to at least advise where and how Plaintiff could retrieve the unsold beverage products, but Defendant has failed and refused to do so.

25. All conditions precedent to the commencement of this action have occurred, been performed, or otherwise been satisfied or waived.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) For damages incurred due to the failure of Defendant to pay the Pending Invoices;

4

LAW OFFICES OF SANTIAGO J. PADILLA, P.A.
1395 BRICKELL AVENUE, SUITE 800, MIAMI, FLORIDA 33131 • TEL: 305.824.2400 • FAX: 305.468.6321

(b)    For costs of suit and reasonable attorneys' fees incurred in connection with this action; and

(c)    For such other and further relief as this honorable Court may deem proper.

## COUNT II
## ACCOUNT STATED

26.    Plaintiff refers to and incorporates, as though fully set forth in this Count II, Paragraphs 1 through 18 of this Complaint.

27.    Defendant has not disputed any of the Pending Invoices issued by Plaintiff and, as such, Defendant has implicitly acknowledged that the balances indicated on the invoices are true and correct.

28.    Defendant has communicated that it would pay in part the Pending Invoices issued by Plaintiff, thereby reducing the account balance, but Defendant has failed to do so.

29.    Defendant has failed and refused to pay the account balance indicated on Pending Invoices despite repeated demands that the account balance be paid.

30.    Plaintiff has been damaged by Defendant due to its refusal and failure to pay the account balance for the products specially ordered by Defendant and shipped and delivered to Defendant as requested by Defendant.

31.    All conditions precedent to the commencement of this action have occurred, been performed, or otherwise been satisfied or waived.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a)    For damages incurred due to the failure of Defendant to pay the Pending Invoices;

(b)    For costs of suit and reasonable attorneys' fees incurred in connection with this action; and

(c)    For such other and further relief as this honorable Court may deem proper.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 • Tel: 305.824.2400 • Fax: 305.468.6321

## COUNT III
## **UNJUST ENRICHMENT**

32.     Plaintiff refers to and incorporates, as though fully set forth in this Count III, Paragraphs 1 through 18 of this Complaint.

33.     At the request of Defendant, Plaintiff sold and delivered to Defendant the amount of $801,733.25 of beverage products, which Defendant has taken possession of and resold and redistributed to its customers. As such, Plaintiff has conferred a benefit on Defendant, who has knowledge thereof.

34.     Defendant voluntarily accepted and retained the beverage products delivered by Plaintiff to Defendant. In fact, Defendant resold and redistributed such beverage products to its customers. As such, Defendant has accepted and retained the benefit conferred by Plaintiff.

35.     Defendant has not paid any amount whatsoever for the beverage products sold and delivered to Defendant despite the fact that Defendant has resold such products for a benefit and profit. As such, it would be inequitable for Defendant to benefit from such products without paying the Plaintiff. See Shibata v. Lim, 133 F. Supp. 2d 1311 (M.D. Fla. 2000).

36.     All conditions precedent to the commencement of this action have occurred, been performed, or otherwise been satisfied or waived.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a)     For damages incurred due to the failure of Defendant to pay the Pending Invoices;

(b)     For costs of suit and reasonable attorneys' fees incurred in connection with this action; and

(c)     For such other and further relief as this honorable Court may deem proper.

Respectfully submitted on this 28th day of February 2023.

                LAW OFFICES OF
                SANTIAGO J. PADILLA, P.A.

By: _____
                Santiago J. Padilla, Esq.
                Florida Bar No.: 037478
                Attorney for Plaintiff

                Law Offices of Santiago J. Padilla, P.A.
                1395 Brickell Avenue, Suite 800
                Miami, Florida 33131
                Telephone: 305.824.2400
                Facsimile: 305.468.6321